UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BELL, | No. 2: 14-cv-0965 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| A. PAYAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's May 20, 2014 motion to recuse the undersigned from this action.  (ECF No. 11.)  The grounds of this motion are that actions assigned to the undersigned concerning conditions at the California Medical Facility ("CMF") are generally ruled on in defendants' favor.

"Judicial impartiality is presumed." First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler, 210 F.3d 983, 987 (9th Cir. 2000).  "Because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise." United States v. Martinez, 446 F.3d 878, 883 (8th Cir. 2006).

If "the judge before whom the matter is pending has a personal bias or prejudice either against [a party] or in favor of any adverse party, such judge shall proceed no further ..." 28 U.S.C. § 144.  Additionally, a judge "shall disqualify himself in any proceeding in which his

1

impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Ninth Circuit has held that under both recusal statutes "the substantive standard is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (brackets omitted) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)).

In Liteky v. United States, 510 U.S. 540 (1994), the Supreme Court recognized that "extrajudicial source" is the common basis for establishing disqualifying bias or prejudice. Id. at 551. The Court held:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Id. at 555 (citation omitted).

The undersigned's rulings do not show a deep-seated favoritism or antagonism that would make fair judgment impossible.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for recusal of the undersigned (ECF No. 11) is denied.

Dated: May 28, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2