UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BELL,<br><br>        Plaintiff,<br><br>    v.<br><br>A. PAYAN, et al.,<br><br>        Defendants. | No.  2:14-cv-0965 GEB KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Introduction

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On August 11, 2014, defendants Duffy and Payan filed a motion to dismiss plaintiff's original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) On August 22, 2014, plaintiff filed a motion for an extension of time to file a first amended complaint. (ECF No. 19). On September 4, 2014, plaintiff filed a first amended complaint. (ECF No. 23.) On October 20, 2014, plaintiff filed a motion for leave to file a second amended complaint and a proposed second amended complaint. (ECF No. 25.) On November 10, 2014, defendants filed an opposition to this motion. (ECF No. 26.)

      Because plaintiff has filed a proposed second amended complaint, plaintiff's motion for an extension of time to file the first amended complaint is denied as unnecessary. Similarly, because plaintiff has filed a proposed second amended complaint, defendants' motion to dismiss

1

the original complaint is vacated.

Plaintiff's second amended complaint may only proceed with defendants' consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  For the reasons discussed herein, the undersigned recommends that plaintiff's motion to file the second amended complaint be granted in part and denied in part.

Second Amended Complaint

Named as defendants in the second amended complaint are defendants Warden Duffy and Correctional Case Records Supervisor Payan.  (ECF No. 23 at 5.)  In his first claim, plaintiff alleges that the abstract of judgment and minute order issued in his criminal case incorrectly state that he was ordered to pay restitution.  Based on this allegation, plaintiff alleges that defendants wrongfully withdrew money from his trust account to pay the restitution.  In his second claim, plaintiff also alleges that defendants did not properly calculate the filing fee payments he owed in a case filed in this court, 2: 06-cv-886.

*Standard for Considering Motion for Leave to Amend*

Under Fed. R. Civ. P. 15(a)(2), the court "should freely give leave [to amend] when justice so requires."  To determine whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint."  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2003) (citations omitted).  "Futility alone can justify the denial of a motion for leave to amend," id., and prejudice to the opposing party "carries the greatest weight."  Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Delay alone, however, will not justify denying leave to amend.  DCD Progs., Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); see also United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981) ("The mere fact that an amendment is offered late in the case ... is not enough to bar it."). All inferences are drawn "in favor of granting the motion."  Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).  "[T]he nonmoving party bears the burden of demonstrating why leave to amend should not be granted."  Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530–31 (N.D.Cal. 1989).

*Restitution*

Plaintiff alleges that defendants wrongly withdrew money from his trust account to pay a restitution fee, although no such fee was ordered in his criminal case. In particular, plaintiff alleges that in 2012, he discovered that defendants were deducting money from his trust account for restitution payments and for administrative fees. (ECF No. 23 at 6.) Plaintiff alleges that the transcript from his sentencing hearing shows that the trial court did not order him to pay restitution or administrative fees. (Id. at 9.) Plaintiff alleges that defendants violated state and federal law by charging him for the restitution fees.[1]

Plaintiff's request for judicial notice, filed in support of the second amended complaint, contains the transcript from plaintiff's September 10, 1997 sentencing. At this hearing, the trial court did not order plaintiff to pay restitution. (ECF No. 24 at 12-14.) However, the abstract of judgment, signed by the court clerk, states that plaintiff was ordered to pay $200 in restitution pursuant to California Penal Code § 1202.4(B). (Id. at 17.) The minute order from plaintiff's sentencing also reflects that plaintiff was ordered to pay $200 in restitution pursuant to California Penal Code § 1202.4(B). (Id. at 18.)

In the opposition, defendants argue that the court should deny plaintiff's motion to amend to include his claim alleging the improper withdrawal of money to pay for restitution on grounds that amendment is futile. For the reasons stated herein, the undersigned agrees.

Plaintiff is alleging that defendants' removal of money from his prison trust account to pay restitution was not authorized because the trial court did not order restitution. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state

---

[1] Plaintiff's claim challenging the withdrawal of money to pay for restitution that was allegedly not ordered is properly brought in this civil rights action. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."), cert. denied, 541 U.S. 1063 (2004). This court lacks habeas jurisdiction and plaintiff's challenge to the manner in which restitution is being deducted from his trust account is properly raised through a civil rights complaint brought pursuant to 42 U.S.C. § 1983. See Brasure v. Ayers, 2007 WL 518990 at *1 (N.D.Cal. Feb.14, 2007) (dismissing habeas action because petitioner's claim concerning the collection of his restitution order was appropriately addressed in a civil rights action).

employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); cf. Daniels v. Williams, 474 U.S. 327 (1986) (prisoner alleging lack of due care by state officials failed to state a due process claim because negligence does not "deprive" an individual of life, liberty, or property). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.

In this case, plaintiff's remedy is to return to state court and seek an amended judgment reflecting that he was not ordered to pay restitution. In a similar case, the California Court of Appeal discussed this remedy:

> Sentencing was on February 14, 2002. The reporter's transcript of that proceeding does not reflect that the court orally imposed a $200 restitution fine pursuant to Penal Code section 1202.4, subdivision (b), or a $200 restitution fine pursuant to Penal Code section 1202.45. Nor does that transcript reflect that the People objected to the court's failure to impose those fines. The minute order for that date, and the abstract of judgment, reflect that the court imposed each such fine.
>
> We conclude the reporter's transcript prevails over the minute order and that the trial court failed to impose the above fines. (Cf. People v. Martinez (2002) 95 Cal.App.4th 581, 586–587, 115 Cal.Rptr.2d 574.) That failure is not correctable on appeal. (People v. Tillman (2000) 22 Cal.4th 300, 301–303, 92 Cal.Rptr.2d 741.) FN4 We will direct the trial court to amend the abstract of judgment accordingly.
>
> FN4. This is not a case in which the trial court imposed a Penal Code section 1202.4, subdivision (b), restitution fine, but not a Penal Code section 1202.45 restitution fine, a situation in which we would impose the latter fine. (See People v. Smith (2001) 24 Cal.4th 849, 102 Cal.Rptr.2d 731.)

People v. Smith, 2003 WL 253916 at *4-5 (2003).

Because California provides for a meaningful post-deprivation remedy, plaintiff's claim alleging an unauthorized deprivation in violation of his right to due process is without merit.

Moreover, even if plaintiff alleged that defendants made authorized restitution deductions from his inmate trust account, he is advised that the United States Supreme Court has held that an authorized deprivation of property pursuant to prison regulations is valid if reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987). The Ninth Circuit

has held that, California Penal Code § 2085.5, which requires the Director of the California Department of Corrections and Rehabilitation to make deductions from prisoner wage and trust account deposits for payment of restitution obligations, is rationally related to legitimate state interests in compensating crime victims.  See Craft v. Ahuja, 2012 WL 688411 at *1 (9th Cir. Feb. 29, 2012); see also Abney v. Alameida, 334 F.Supp.2d 1221, 1232 (S.D. 2004) ("Plaintiff has not, and cannot, allege that the deduction of money to satisfy the victim restitution order is not a legitimate interest of the State of California.").

Turning to plaintiff's claim alleging that defendants violated state law by taking money from his trust account to pay the unauthorized restitution fee, plaintiff does not identify the state law on which his claim is based.  As discussed above, it appears that plaintiff's remedy under state law is to seek an amended judgment in state court.  In this civil rights action, the undersigned cannot order a state court to issue an amended judgment in a criminal case.  If defendants refuse to abide by an amended judgment stating that plaintiff was not ordered to pay restitution, plaintiff may have a colorable claim under state and/or federal law.[2]  For these reasons, the undersigned finds that plaintiff has not stated a potentially colorable state law claim.

Allowing plaintiff to proceed with his claims challenging the withdrawal of money from his trust account to pay the restitution fee would be futile because, for the reasons discussed above, these claims are without merit.  Accordingly, plaintiff's motion to amend to include these claims should be denied.

*Calculation of Filing Fee Payments*

Plaintiff also alleges that defendants did not properly calculate his filing fees owed for two appeals he filed in 06-886.  (ECF No. 23 at 8.)  Defendants' opposition to plaintiff's motion to amend does not address this claim.

////

////

---

[2]  Because plaintiff is claiming that the abstract of judgment and minute order do not reflect the trial court's ruling, or lack of ruling, regarding restitution, then it is not clear that defendants Duffy and Payan are the correct defendants.  However, the undersigned need not reach this issue because plaintiff's claims are legally without merit.

5

The Prison Litigation Reform Act ("PLRA") provides,

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

Plaintiff alleges that he was charged "two 40% court fee deductions" for the fees owed in 08-886. (ECF No. 23 at 8.) Plaintiff alleges that, "[p]resently I am being denied any part of my funds due to my court fee debts. I am sure that the PLRA does not require 100% deduction from each deposit until the fees are paid." (Id.) Plaintiff requests injunctive relief "instructing defendants and plaintiff as to how (or where in citations) the calculations of court fee deductions are to be assessed." (Id. at 10.)

Plaintiff's claim alleging improper calculation of filing fee payments raises a claim over which the courts of appeal are divided:

> The courts of appeals are divided concerning the manner in which the PLRA calls for collection of installment payments from prisoners who simultaneously owe filing fees in multiple cases. The Second and Fourth Circuits interpret § 1915(b) to cap the monthly exaction of fees at twenty percent of a prisoner's monthly income, regardless of the number of cases for which he owes filing fees. Torres v. O'Quinn, 612 F.3d 237, 252 (4th Cir. 2010); Whitfield v. Scully, 241 F.3d 264, 277 (2d Cir. 2001). Under that "per prisoner" cap, a prisoner would satisfy his obligations sequentially, first fully satisfying his obligation for his earliest case before moving on to the next one, at no time making any payment that would take his cumulative payments for that month beyond an overarching twenty-percent ceiling. By contrast, the Fifth, Seventh, Eighth, and Tenth Circuits have held that § 1915(b) requires a prisoner to make a separate installment payment for each filing fee incurred as long as no individual payment exceeds twenty percent of his monthly income. Christensen v. Big Horn Cnty. Bd. of Cnty. Comm'rs, 374 Fed.Appx. 821, 833 (10th Cir. 2010); Atchison v. Collins, 288 F.3d 177, 180 (5th Cir. 2002); Lefkowitz v. Citi–Equity Grp., 146 F.3d 609, 612 (8th Cir. 1998); Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 997), overruled in part on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000), and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000). Under that "per case" cap, a prisoner simultaneously makes payments towards satisfaction of all of his existing obligations.

Pinson v. Samuels, 761 F.3d 1, 7 (D.C. Cir. 2014).

1    In Pinson, the D.C. Circuit found that the per-case approach adopted by the Fifth, Seventh,
2    Eighth and Tenth Circuits was the better understanding of 28 U.S.C. § 1915(b).  Id.  The Ninth
3    Circuit has not ruled on this issue.
4        Plaintiff is alleging that defendants' calculation of his filing fee payments follows the per-
5    case approach.  Plaintiff suggests that defendants should instead follow the approach adopted by
6    the Second and Fourth Circuits, i.e., the approach that does not permit a 100% deduction of his
7    trust account funds for filing fee payments.  Acknowledging the split in the circuits discussed
8    above, the undersigned finds that plaintiff's claim challenging defendants' calculation of his filing
9    fees states a potentially colorable claim for relief.
10       Turning to whether plaintiff should be permitted to proceed with his second amended
11   complaint raising the claim challenging defendants' calculation of filing fees, the undersigned
12   finds that this claim is not brought in bad faith.  While plaintiff did not raise this claim in the
13   original complaint, the delay in raising this claim is not "undue."  The undersigned further finds
14   that defendants will not be prejudiced if plaintiff is allowed to proceed with this claim.  Because
15   the circuits are split on the legal issue raised by this claim, the undersigned finds that amendment
16   is not futile.  While plaintiff raises this claim in his second amended complaint, defendants have
17   not filed an answer to any of the previous complaints.  For these reasons, plaintiff's motion to
18   amend to raise his claim challenging defendants' calculation of his filing fee payments should be
19   granted.
20       Accordingly, IT IS HEREBY ORDERED that:
21       1. Defendants' motion to dismiss (ECF No. 18) is vacated;
22       2. Plaintiff's motion for extension of time (ECF No. 19) is denied as unnecessary; and
23       IT IS HEREBY RECOMMENDED that plaintiff's motion to file his second amended
24   complaint (ECF No. 25) be denied with respect to his claim alleging improper withdrawal of
25   money to pay restitution; the motion to file the second amended complaint should be granted with
26   respect to plaintiff's claim challenging defendants' calculation of filing fee payments.
27       These findings and recommendations are submitted to the United States District Judge
28   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 29, 2014

Bell965.dis

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE