1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANNY BELL,                              No. 2:14-cv-0965 GEB KJN P

12              Plaintiff,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   A. PAYAN, et al.,

15              Defendants.

16

17   Introduction

18        Pending before the court is defendants' motion to dismiss for failure to state a claim

19   pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 32). Also pending are plaintiff's

20   motion for appointment of counsel, motion for extension of time to file third amended complaint,

21   proposed third amended complaint and proposed supplemental third amended complaint. (ECF

22   Nos. 34, 35, 36, 39.)

23   Motion to Dismiss

24        Plaintiff did not oppose defendants' motion to dismiss. Instead, plaintiff filed a proposed

25   third amended complaint. (ECF No. 36.) Although plaintiff did not file an opposition to

26   defendants' motion to dismiss, the undersigned recommends that this motion be denied for the

27   reasons stated herein.

28   ////

                                              1

1    *Legal Standard for Motion to Dismiss*

2          Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for

3    "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In

4    considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court

5    must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89

6    (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v.

7    McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.

8    1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more

9    than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a

10   cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

11   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12   statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

13   upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.

14   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

15   draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556

16   U.S. at 678.  Attachments to a complaint are considered to be part of the complaint for purposes

17   of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Reiner & Co.,

18   896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

19         A motion to dismiss for failure to state a claim should not be granted unless it appears

20   beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

21   entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In general, pro se

22   pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,

23   404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz

24   v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal

25   interpretation of a pro se complaint may not supply essential elements of the claim that were not

26   pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

27   ////

28   ////

2

1    *Discussion*

2        This action is proceeding on the second amended complaint filed October 20, 2014, as to

3    plaintiff's claim challenging defendants' calculation of filing fee payments.  (ECF No. 23.)  On

4    December 30, 2014, the undersigned recommended that plaintiff's motion to amend with respect

5    to this claim be granted.  (ECF No. 29.)  The undersigned recommended that plaintiff's motion to

6    amend with respect to the claim alleging improper withdrawal of money to pay restitution be

7    denied.  (Id.)  On February 6, 2015, the Honorable Garland E. Burrell adopted these findings and

8    recommendations.  (ECF No. 31.)

9        Plaintiff alleges that defendants Duffy and Payan did not properly calculate his filing fees

10   payments owed in two appeals filed in 2:06-cv-886.  (ECF No. 23 at 8.)  Plaintiff alleges that he

11   was charged "two 40% court fee deductions" for the fees owed in 08-886.  (Id.)  Plaintiff alleges

12   that, "[p]resently I am being denied any part of my funds due to my court fee debts.  I am sure

13   that the PLRA does not require 100% deduction from each deposit until the fees are paid."  (Id.)

14   Plaintiff requests injunctive relief "instructing defendants and plaintiff as to how (or wherein

15   citations) the calculations of court fee deductions are to be assessed."  (Id. at 10.)

16       In the December 30, 2014 findings and recommendations, the undersigned observed that

17   plaintiff's claim alleging improper calculation of filing fee payments raised a claim over which

18   the courts of appeal were divided.  The undersigned quoted from a D.C. Circuit case which

19   discussed this division:

20           The courts of appeals are divided concerning the manner in which
21           the PLRA calls for collection of installment payments from
             prisoners who simultaneously owe filing fees in multiple cases. The
22           Second and Fourth Circuits interpret § 1915(b) to cap the monthly
             exaction of fees at twenty percent of a prisoner's monthly income,
             regardless of the number of cases for which he owes filing fees.
23           Torres v. O'Quinn, 612 F.3d 237, 252 (4th Cir. 2010); Whitfield v.
             Scully, 241 F.3d 264, 277 (2d Cir. 2001). Under that "per prisoner"
24           cap, a prisoner would satisfy his obligations sequentially, first fully
             satisfying his obligation for his earliest case before moving on to
25           the next one, at no time making any payment that would take his
             cumulative payments for that month beyond an overarching twenty-
26           percent ceiling. By contrast, the Fifth, Seventh, Eighth, and Tenth
             Circuits have held that § 1915(b) requires a prisoner to make a
27           separate installment payment for each filing fee incurred as long as
             no individual payment exceeds twenty percent of his monthly
28           income. Christensen v. Big Horn Cnty. Bd. of Cnty. Comm'rs, 374

                                          3

1

2

3

4

5

> Fed.Appx. 821, 833 (10th Cir. 2010); <u>Atchison v. Collins</u>, 288 F.3d 177, 180 (5th Cir. 2002); <u>Lefkowitz v. Citi–Equity Grp.</u>, 146 F.3d 609, 612 (8th Cir. 1998); <u>Newlin v. Helman</u>, 123 F.3d 429, 436 (7th Cir. 997), overruled in part on other grounds by <u>Lee v. Clinton</u>, 209 F.3d 1025 (7th Cir. 2000), and <u>Walker v. O'Brien</u>, 216 F.3d 626 (7th Cir. 2000). Under that "per case" cap, a prisoner simultaneously makes payments towards satisfaction of all of his existing obligations.

6    <u>Pinson v. Samuels</u>, 761 F.3d 1, 7 (D.C. Cir. 2014).

7    In the December 30, 2014 findings and recommendations, the undersigned noted that in

8    <u>Pinson</u>, the D.C. Circuit found that the "per case" approach adopted by the Fifth, Seventh, Eighth

9    and Tenth Circuits was the better understanding of 28 U.S.C. § 1915(b). (<u>Id.</u>) The Ninth Circuit

10   has not ruled on this issue. In the second amended complaint, plaintiff alleges that defendants'

11   calculation of filing fees follows the "per case" approach. Plaintiff suggests that defendants

12   should instead follow the "per prisoner" approach adopted by the Second and Fourth Circuits, i.e.,

13   the approach that does not permit a 100% deduction of his trust account for filing fee payments.

14   Defendants move to dismiss plaintiff's claim challenging the calculation of filing fees on

15   two grounds. First, defendants argue that plaintiff's claim does not allege a violation of a

16   constitutional right. Second, defendants argue that plaintiff's remedy is to file a motion in the

17   case in which the court ordered the filing fees paid.

18   In the motion to dismiss, defendants argue that in none of the cases cited in the December

19   30, 2014 findings and recommendations did the court of appeal find a separate constitutional

20   claim concerning calculation of filing fees. Rather, defendants argue that the issue was raised in

21   the initial case in which filing fees were ordered in one of two ways. Defendants state that in

22   several cases, the inmate brought a post-judgment motion challenging the prison's calculation of

23   filing fees: <u>Torres v. O'Quinn</u>, 612 F.3d 237, 252 (4th Cir. 2010); <u>Whitfield v. Scully</u>, 241 F.3d

24   264, 277 (2d Cir. 2001); <u>Christensen v. Big Horn Cnty. Bd. Comm'rs</u>, 374 Fed.Appx. 821, 822

25   (10th Cir. 2010). Alternately, the inmate raised the issue of filing fees in an appeal of the district

26   court's decision concerning the underlying claims or in an appeal challenging the constitutionality

27   of the PLRA's imposition of filing fees. <u>Atchison v. Collins</u>, 288 F.3d 177, 180 (5th Cir. 2002);

28   <u>Lefkowitz v. City Grp.</u>, 146 F.3d 609, 612 (8th Cir. 1998); <u>Newlin v. Helman</u>, 123 F.3d 429, 436

1  (7th Cir. 1997), overruled in part on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir.

2  2000); Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000).

3      Defendants argue that none of the cases cited above stand for the proposition that

4  miscalculation of filing fees constitutes a separate constitutional violation.  Defendants argue that

5  to the extent plaintiff wishes to challenge the way authorities are collecting filing fees in 06-886,

6  he must file a motion in that case.

7      The undersigned first considers defendants' argument that plaintiff should raise his claim

8  challenging the filing fee calculation in the action the fees were imposed.  Court records indicate

9  that plaintiff was charged a filing fee in the instant action.  (ECF No. 8.)  Thus, plaintiff may raise

10  his claim challenging defendants' calculation of filing fees because he is subjected to multiple

11  filing fees by way of the instant action and 06-886.  The undersigned further notes that in Battle

12  v. Vail, 2010 WL 3813819 (W.D. Wash. 2010), the plaintiff was allowed to bring a separate civil

13  rights action challenging the Department of Corrections' calculation of filing fees.

14      Turning to defendants' argument that plaintiff's claim does not implicate a constitutional

15  violation, two of the circuit cases cited in the December 30, 2014 findings and recommendations

16  acknowledged that the "per case" fee collection could violate an inmate's constitutional rights.  In

17  Whitfield v. Scully, the Second Circuit observed that the "simultaneous collection of multiple

18  encumbrances could potentially expose 100 percent of a prisoner's income to recoupment ... Yet,

19  this result arguably could pose a serious constitutional quandary as to whether an unreasonable

20  burden had been placed on the prisoner's right of meaningful access to the courts, especially with

21  respect to the collection of filing fees."  241 F.3d at 276-77.  In Atchison v. Collins, the Fifth

22  Circuit acknowledged the constitutional questions raised by the "per case" cap that could result if

23  100 percent of a prisoner's income was collected to pay fees.  288 F.3d at 181.  The Fifth Circuit

24  went on to find that it was "unlikely" that serious constitutional questions were "in play here."

25  (Id.)

26      Whether the "per case" cap raises constitutional concerns has also been acknowledged by

27  district courts.  In Lafauci v. Cunningham, 139 F.Supp.2d 144 (D. Mass. 2001), the district court

28  found that recoupment of 100 percent of a prisoner's monthly income would raise serious

5

1  constitutional concerns because it would leave a prisoner with "no income for postage, copying,

2  paper, envelopes, writing utensils, etc. – potentially leaving him/her without means of court

3  communication."  139 F.Supp.2d at 147.  In LaFauci, the district court cited nine circuits that had

4  specifically addressed the related issue of whether requiring prisoners to pay filing fees violates a

5  prisoner's right to access the courts, each holding that requiring prisoners to pay a filing fee does

6  not deny a prisoner effective access to the courts.  Id. at 147 n.2.

7      In Hendon v. Ramsey, 478 F.Supp.2d 1214 (S.D. Cal. 2007), after concluding that the

8  PLRA mandates the "per case" cap, the district court went on to state that it "must also examine

9  whether requiring plaintiff to pay 20 percent of his monthly income for each action filed would

10  place an unreasonable burden on his constitutional right of meaningful access to the courts."  478

11  F.Supp.2d at 1219-20.

12      The cases cited above demonstrate that plaintiff's claim challenging the "per case"

13  approach raises a colorable claim for violation of the right to access the courts.  Accordingly,

14  defendants' motion to dismiss on grounds that plaintiff has not raised a constitutional claim

15  should be denied.

16      In addition to his constitutional claim, plaintiff is arguing that defendants have incorrectly

17  interpreted § 1915(b).  Plaintiff argues that the correct interpretation of § 1915(b) mandates a "per

18  prisoner" cap, rather than the "per case" approach currently followed.[1]  Defendants did not

19  address this issue in the motion to dismiss.

20  Plaintiff's Proposed Third Amended Complaint and Supplemental Third Amended Complaint

21      On February 27, 2015, plaintiff filed a motion for an extension of time to file an amended

22  complaint.  (ECF No. 35.)  In this pleading, plaintiff stated that he would seek to add additional

23  defendants who were the "proper parties" with respect to his claim challenging the calculation of

24  filing fees.  (ECF No. 35 at 1.)  Plaintiff identified these additional defendants as Assistant

---

[1] The undersigned notes that, in fact, a more equitable approach to calculating the amount owed for multiple filing fees would be to charge 20% of the balance for the first case, then 20% of the remaining balance for the next case, and so on.  Under that approach, a prisoner owing multiple filing fees would make monthly payments for each case and yet not end up with a zero balance. Unfortunately, 28 U.S.C. § 1915(b) does not allow for this approach.

6

1    Secretary of the California Department of Corrections and Rehabilitation ("CDCR") Office of

2    Victim Rights Shaffer, CDCR Secretary Tilton, CDCR Undersecretary Woodford, Deputy

3    Attorney General Kamburian and Deputy Attorney General Heather Heckler.  (Id.)

4            On March 20, 2015, defendants filed an opposition to plaintiff's motion for extension of

5    time to file a third amended complaint.  (ECF No. 38.)  Defendants construed the motion for

6    extension of time as a motion for leave to file a third amended complaint.  Defendants argued that

7    plaintiff's proposed amendments would be futile because plaintiff had made no allegations that

8    any of the individuals he seeks to add as defendants are personally involved in the removal of

9    money from his trust account to pay his filing fees, nor did he allege facts sufficient to state a

10   claim based on a theory of supervisory liability.

11           On March 18, 2015, plaintiff filed a proposed third amended complaint.  (ECF No. 36.)

12   On March 20, 2015, plaintiff filed a proposed supplemental third amended complaint.  (ECF No.

13   39.)  Defendants were not aware of these pleadings when they prepared their opposition filed

14   March 20, 2015.  Defendants have not filed a response to these pleadings.

15           It is difficult to evaluate plaintiff's request to file a third amended complaint for several

16   reasons.  First, plaintiff has not filed a motion for leave to amend in support of his proposed third

17   amended complaint.  Second, the differences between plaintiff's proposed third amended

18   complaint and proposed supplemental third amended complaint are unclear.  Plaintiff did not file

19   a motion in support of his proposed supplemental third amended complaint, as required by

20   Federal Rule of Civil Procedure 15(d).  Because plaintiff's request to proceed on his proposed

21   third amended complaints is procedurally defective, plaintiff's request to proceed on these

22   pleadings is denied.[2]

23   _____

24   [2] The undersigned observes that the bulk of plaintiff's proposed third amended complaint and
     proposed supplemental third amended complaint is devoted to plaintiff's previously dismissed
25   claim alleging the wrongful withdrawal of money from plaintiff's trust account to pay a
     restitution fee that was never ordered.  (See ECF No. 31 (order dismissing restitution claim for
26   failure to state a claim).)  Because plaintiff's claim alleging the wrongful withdrawal of money to
     pay a restitution fee has been dismissed for failing to state a claim, plaintiff may not raise this
27   claim, or claims implicating this claim, again in a later complaint.  See Miller v. Rykoff-Sexton,
     Inc., 845 F.2d 209, 214 (9th Cir. 1988) (a motion for leave to amend may be denied if it appears
28   futile or legally insufficient).

1    Motion for Appointment of Counsel

2           Plaintiff has also filed a motion for the appointment of counsel.  (ECF No. 34.)

3           District courts lack authority to require counsel to represent indigent prisoners in section

4    1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

5    circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

6    U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

7    Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

8    circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

9    well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

10   legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

11   abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional

12   circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of

13   legal education and limited law library access, do not establish exceptional circumstances that

14   warrant a request for voluntary assistance of counsel.

15          Having considered the factors under Palmer, the court finds that plaintiff has failed to

16   meet his burden of demonstrating exceptional circumstances warranting the appointment of

17   counsel at this time.

18          Accordingly, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's motion for appointment of counsel (ECF No. 34) is denied;

20          2.  Plaintiff's motion for an extension of time to file an amended complaint (ECF No. 35)

21   is denied as unnecessary;

22          3.  Plaintiff's request to proceed on the proposed third amended complaint and proposed

23   supplemental third amended complaint is denied; and

24          IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 32) be

25   denied; defendants be ordered to file a response to plaintiff's second amended complaint within

26   twenty days of the adoption of these findings and recommendations.

27          These findings and recommendations are submitted to the United States District Judge

28   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

1  after being served with these findings and recommendations, any party may file written

2  objections with the court and serve a copy on all parties.  Such a document should be captioned

3  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

4  objections shall be filed and served within fourteen days after service of the objections.  The

5  parties are advised that failure to file objections within the specified time may waive the right to

6  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7  Dated:  April 6, 2015

8

9  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

10

11

12  Bell965.57

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28