UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BELL, | No. 2: 14-cv-0965 GEB KJN P |
| Plaintiff, | ORDER AND |
| v. | FINDINGS AND RECOMMENDATIONS |
| A. PAYAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for leave to file a fourth amended complaint and proposed fourth amended complaint.  (ECF Nos. 44, 45).  On May 19, 2015, defendants filed an opposition to this motion.

For the reasons stated herein, plaintiff's motion to amend to include his previously dismissed claim challenging the restitution order should be denied.  Plaintiff's motion to amend to seek injunctive relief against defendants Woodford and Shaffer with respect to his claim challenging the calculation of filing fees is denied without prejudice.

*Standard for Considering Motion for Leave to Amend*

Under Fed. R. Civ. P. 15(a)(2), the court "should freely give leave [to amend] when justice so requires."  To determine whether to grant leave to amend, the court considers five factors:  "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of

1

amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2003) (citations omitted).  "Futility alone can justify the denial of a motion for leave to amend," id., and prejudice to the opposing party "carries the greatest weight." Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Delay alone, however, will not justify denying leave to amend.  DCD Progs., Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); see also United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981) ("The mere fact that an amendment is offered late in the case ... is not enough to bar it."). All inferences are drawn "in favor of granting the motion." Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).  "[T]he nonmoving party bears the burden of demonstrating why leave to amend should not be granted." Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

*Discussion*

This action is proceeding on the second amended complaint filed October 20, 2014, as to defendants Duffy and Payan.  (ECF No. 23.)  Plaintiff alleges that defendants did not properly calculate his filing fee payments.  (Id.)

Plaintiff's second amended complaint contained a second claim alleging that the abstract of judgment and minute order issued in his criminal case incorrectly stated that he was ordered to pay restitution.  On February 6, 2015, the court dismissed this claim for failing to state a potentially colorable claim for relief.  (ECF No. 31.)

The proposed fourth amended complaint names defendants Payan and Duffy as well as Superior Court Reporter Nagao, Los Angeles County Deputy District Attorney Ken Lamb, Los Angeles County Deputy Public Defender Clark, California Department of Corrections and Rehabilitation ("CDCR") Assistant Secretary Shaffer, CDCR Under Secretary Woodford, Deputy Attorney General Heckler and California Medical Facility ("CMF") Appeals Coordinator Milliner.  (ECF No. 45 at 1.)

The proposed fourth amended complaint contains plaintiff's claim alleging that defendants Duffy and Payan did not properly calculate his filing fees.  However, plaintiff is also attempting to bring his previously dismissed claim challenging the restitution order.  The

proposed fourth amended complaint seeks injunctive relief as to both of these claims. (Id. at 13-14.) It appears that plaintiff also seeks money damages only with respect to his claim challenging the restitution order. (Id. at 14.)

With respect to the restitution order, plaintiff alleges that defendant Nagao made the "erroneous" entry in his abstract of judgment stating that he owed restitution. (Id. at 7.) Plaintiff alleges that he filed a grievance regarding the allegedly "erroneous" restitution order with defendants Shaffer and Woodford. (Id. at 9.) In response, plaintiff received a letter stating that if he continued to pursue his complaint regarding this issue, he would be placed on appeal restriction. (Id.) Plaintiff alleges that defendant Heckler knows that the restitution order entered by defendant Nagao is erroneous, but that she failed to submit the "truth" to the court. (Id. at 11.) Plaintiff alleges that defendants Lamb and Clark failed to correct the erroneous restitution record. (Id. at 11-12.)

As discussed above, the court previously considered plaintiff's claim challenging the allegedly erroneous restitution order and found that it failed to state a potentially colorable claim for relief. (See ECF Nos. 29, 31.) Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000). This doctrine has developed to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." 18B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4478, at 637–38 (2002).

A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. 235 F.3d at 452–53. Plaintiff has not demonstrated that any of these exceptions warrant reconsideration of the previous order dismissing his claim challenging the allegedly erroneous restitution order. Accordingly, plaintiff's motion to amend to include this claim should be denied.

////

Plaintiff also alleges that defendants conspired to impose the erroneous restitution order on him. A conspiracy, in and of itself, is not an actionable tort or separate cause of action under 42 U.S.C. § 1983. Lacey v. Maricopa County, 693 F.3d 896, 935 (9th Cir. 2012). "Conspiracy may, however, enlarge the pool of responsible defendants by demonstrating their causal connections to the violation; the fact of the conspiracy may make a party liable for the unconstitutional actions of the party with whom he has conspired." Id.

"A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999) (quoting Vieux v. East Bay Reg'l Park Dist., 906 F.2d 1330, 1343 (9th Cir. 1990). To prove civil conspiracy a plaintiff must show that the parties reached an understanding or agreement in an unlawful arrangement. Lacey, 693 F.3d at 935.

Because the underlying constitutional claim challenging the restitution order does not state a potentially colorable constitutional claim, plaintiff's related conspiracy claim fails as well. Moreover, plaintiff's conclusory claims of conspiracy are insufficient to show a meeting of the minds. Accordingly, plaintiff's motion to amend to add a conspiracy claim should be denied.

Plaintiff also seeks to add defendants Shaffer and Woodford to his claim challenging the calculation of filing fees. In particular, plaintiff requests that these defendants be ordered to recalculate his filing fees. (ECF No. 45 at 13.) Defendants argue that plaintiff has not linked defendants CDCR Assistant Secretary Shaffer and CDCR Under Secretary Woodford to his claim challenging the calculation of filing fees.

In a complaint seeking injunctive relief only, all that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F.Supp. 464, 475–477 (E.D. Mich. 1991); Malik v. Tanner, 697 F.Supp. 1294, 1304 (S.D.N.Y. 1988) ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F.Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to

continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit.  However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief.  Haber v. Melo, 502 U.S. 21, 25 (1991).

Plaintiff does not clearly allege that the at-issue filing fee policy is a state policy.  For this reason, the motion to amend to add defendants Shaffer and Woodford to this claim for injunctive relief is denied without prejudice.  On July 7, 2015, defendants Duffy and Payan filed a motion for summary judgment on grounds that plaintiff failed to exhaust administrative remedies.  If defendants' summary judgment motion is denied, plaintiff will be permitted to file an amended complaint naming Shaffer and Woodford as defendants if he is challenging a state policy and if defendants Shaffer and Woodford could respond to a court order on injunctive relief.  If defendants' summary judgment motion is granted, plaintiff's motion to amend to add Shaffer and Woodford as defendants will be unnecessary.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to file a fourth amended complaint (ECF No. 44) to add defendants Shaffer and Woodford as defendants with respect to his claim challenging the calculation of filing fees is denied without prejudice; the court will issue further orders regarding these proposed new defendants following resolution of defendants' summary judgment motion, if appropriate;

IT IS HEREBY RECOMMENDED that plaintiff's motion to file a fourth amended complaint (ECF No. 44) be denied with respect to his request to add his previously dismissed claims challenging the allegedly erroneous restitution order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 23, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bell965.ord