UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BELL,<br><br>    Plaintiff,<br><br>    v.<br><br>A. PAYAN, et al.,<br><br>    Defendants. | No.  2:14-cv-0965 GEB KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion for summary judgment on the grounds that plaintiff failed to exhaust administrative remedies.  (ECF No. 53.)  For the reasons stated herein, the undersigned recommends that defendants' motion be granted.

    On May 4, 2015, plaintiff filed a motion for summary judgment addressing the merits of his claims.  (ECF No. 47.)  On May 12, 2015, defendants filed a motion to strike plaintiff's summary judgment motion on the grounds that plaintiff failed to submit a statement of undisputed facts.  (ECF No. 48.)  Because the undersigned finds that plaintiff failed to exhaust administrative remedies, plaintiff's motion for summary judgment as to the merits of his claims and defendants' motion to strike are vacated.

////

Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil procedure 56 is met. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c)).

"Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender evidence of specific facts in the

1  form of affidavits, and/or admissible discovery material in support of its contention that such a
2  dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party
3  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
4  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
5  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
6  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return
7  a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436
8  (9th Cir. 1987), overruled in part on other grounds, Hollinger v. Titan Capital Corp., 914 F.2d
9  1564, 1575 (9th Cir. 1990).

10     In the endeavor to establish the existence of a factual dispute, the opposing party need not
11  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual
12  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
13  trial." T.W. Elec. Serv., 809 F.2d at 630.  Thus, the "purpose of summary judgment is to 'pierce
14  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
15  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963
16  amendments).

17     In resolving a summary judgment motion, the court examines the pleadings, depositions,
18  answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R.
19  Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at
20  255.  All reasonable inferences that may be drawn from the facts placed before the court must be
21  drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences
22  are not drawn out of the air, and it is the opposing party's obligation to produce a factual
23  predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F.
24  Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to
25  demonstrate a genuine issue, the opposing party "must do more than simply show that there is
26  some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could
27  not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for
28  trial.'" Matsushita, 475 U.S. at 586 (citation omitted).

By contemporaneous notice provided on June 3, 2014 (ECF No. 14), plaintiff was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

Legal Standard for Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See Booth, 532 U.S. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford, 548 U.S. at 90-93. "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7. Now inmates in California proceed through three levels of appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Under specific circumstances, the first level review may be bypassed. Id. The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services. A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, §§ 3084.2(a)(4). An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." Bock, 549 U.S. at 204, 216. In Albino, the Ninth Circuit agreed with the underlying panel's decision[1] "that the burdens outlined in Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996), should provide the template for the burdens here." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). A defendant need only show "that there was an available administrative remedy,

---

[1] See Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The three judge panel noted that "[a] defendant's burden of establishing an inmate's failure to exhaust is very low." Id. at 1031. Relevant evidence includes statutes, regulations, and other official directives that explain the scope of the administrative review process. Id. at 1032.

5

and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. Once the defense meets its burden, the burden shifts to the plaintiff to show that the administrative remedies were unavailable. See Albino, 697 F.3d at 1030-31.

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino, 747 F.3d at 1172-73. When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

Where a prison system's grievance procedures do not specify the requisite level of detail for inmate appeals, Sapp, 623 F.3d at 824, a grievance satisfies the administrative exhaustion requirement if it "alerts the prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin, 557 F.3d at 1120.

If under the Rule 56 summary judgment standard, the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003), overruled on other grounds by Albino, 747 F.3d 1162.

////

////

////

////

Discussion

This action is proceeding on the second amended complaint filed October 20, 2014, as to defendants Duffy and Payan. (ECF No. 23.) Plaintiff alleges that defendants did not properly calculate his filing fee payments. (Id.) During all relevant time periods, both plaintiff and defendants were located at the California Medical Facility ("CMF"). Plaintiff seeks injunctive relief only.

Defendants move for summary judgment on the grounds that there is no record that plaintiff filed any administrative grievance regarding the alleged improper calculation of filing fee payments. In support of this claim, defendants have provided the declaration of N. Strickland, CMF Appeals Coordinator. (ECF No. 53-2.) N. Strickland states that she could find no record that plaintiff submitted any administrative appeal, during January 2010 to May 2015, alleging the improper calculation of filing fee payments. (Id. at 4.)

Defendants also submitted the declaration of CDCR Chief of the Office of Appeals M. Voong. (ECF No. 53-5.) M. Voong states that there is no record demonstrating that, from January 2010 to March 2015, plaintiff submitted an administrative appeal that was accepted for third level review alleging the improper calculation of filing fee payments. (Id. at 4.)

In his opposition, plaintiff first argues that he was not required to exhaust administrative remedies because he seeks injunctive relief only. (ECF No. 54-1 at 2.) Plaintiff is wrong. Pursuant to the authority cited above, plaintiff is required to exhaust administrative remedies even if he seeks injunctive relief only.

Plaintiff next argues that prison officials thwarted his efforts to exhaust administrative remedies. (Id. at 3-6.) Plaintiff claims that between 2010 and 2012, new rules were implemented regarding the processing of administrative grievances. (Id. at 3.) Plaintiff alleges that these new rules added a new step to the grievance process, which required inmates to file requests for relief on a Form 22 before filing first level grievances, i.e., 602s. (Id.) Plaintiff alleges that all 602s that were pending at the time the new rules were implemented were not processed and "simply vanished," apparently based on the erroneous determination that the inmate had failed to comply with the new requirement that he first submit a Form 22. (Id.)

7

Plaintiff also claims that during the conversion to the new policy, inmates did not have access to the Form 22 forms.  (Id. at 3).  Plaintiff claims that in 2011, he filed three 602s regarding the overcharging of his trust account based on the erroneous calculation of filing fees.  (Id.)  Plaintiff alleges that he received no response to these grievances.  (Id.)

For the reasons discussed herein, the undersigned is not persuaded by plaintiff's argument that prison officials thwarted his attempts to exhaust administrative remedies.  First, plaintiff's claim that CDCR regulations were amended to require inmates to first submit a Form 22 before filing an administrative grievance is not supported by his exhibits.  Plaintiff has provided a CDCR memorandum, dated December 2010, addressing the "new" CDCR 22 Forms.  (ECF No. 54-2 at 5.)  This memorandum, addressed to inmates, explains the purpose of CDCR 22 forms.  (Id.)  In relevant part, the memorandum states,

> Must I submit a Form 22 before filing an appeal?
>
> No, but the form may be required to document the action or decision you are appealing before your appeal will be processed.

(Id.)

The memorandum clearly states that inmates are not required to submit a Form 22 before filing an administrative grievance.  The memorandum does not state that grievances will not be processed unless inmates have first submitted Form 22 requests.  Therefore, plaintiff's claim that CDCR enacted new regulations requiring inmates to submit Form 22 requests before filing administrative grievances is without merit.

Defendants also submitted records demonstrating that plaintiff submitted two administrative grievances at CMF in 2011, i.e., the year plaintiff alleges that his three grievances regarding the improper calculation of filing fees were disregarded.  (ECF No. 53-3 at 2.)  The records indicate that one of the grievances was granted in part at the second level of review and denied at the third level of review.  (Id.)  The other grievance was granted at the first level of review.  (Id.)  In other words, these grievances were processed even though plaintiff did not include a Form 22.  Plaintiff's ability to successfully submit at least two grievances in 2011 undermines his claim that prison officials refused to process his three grievances submitted in

2011 challenging the calculation of filing fees.

Plaintiff also alleges that Exhibit B, attached to his opposition, is one of his grievances challenging the filing fee calculations that "just vanished." (ECF No. 54-1 at 3.) Plaintiff's exhibit B is a notice to plaintiff dated January 25, 2011 stating that his appeal was sent to Folsom for screening. (ECF No. 54-2 at 7.) While it is unclear why the grievance was sent to Folsom for screening, this document does not support plaintiff's claim that his grievances regarding the allegedly improper calculation of filing fees "just vanished." Instead, this form indicates that this grievance was sent to Folsom for processing.

In the absence of evidence of improper behavior, this court does not credit plaintiff's unsupported claims that prison officials destroyed his inmate appeals regarding his claim. Cf. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment). Accordingly, the undersigned finds that plaintiff has not demonstrated that CMF officials thwarted his attempts to file grievances regarding the alleged miscalculation of filing fees.

For the reasons discussed above, the undersigned finds that defendants' motion for summary judgment on grounds that plaintiff failed to exhaust administrative remedies should be granted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment (ECF No. 47) and defendants' motion to strike (ECF No. 48) are vacated; and

IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF No. 53) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 2, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bell965.sj