UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY BELL,

    Plaintiff,

v.

A. PAYAN, et al.,

    Defendants.

No. 2: 14-cv-0965 GEB KJN P

ORDER

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On November 6, 2015, the court granted defendants' summary judgment motion on grounds that plaintiff failed to exhaust administrative remedies, and judgment was entered. (ECF Nos. 66, 67.) On November 18, 2015, plaintiff filed a motion for reconsideration of the order granting defendants' summary judgment motion and a request for a stay. (ECF No. 68.) Plaintiff requests that the court stay this action so that he may exhaust administrative remedies.

    The court construes plaintiff's motion for reconsideration and request for a stay as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). For the following reasons, this motion is denied.

    This action proceeded on plaintiff's claim that defendants improperly calculated multiple filing fees owed by plaintiff. The court found that plaintiff failed to exhaust administrative remedies as to this claim. In the pending motion, plaintiff raises a new argument in support of his claim that prison officials thwarted his attempts to exhaust administrative remedies.

    Attached to plaintiff's pending motion is a partial copy of the second level response to plaintiff's grievance no. 13-0404. (ECF No. 68 at 6-7.) The response states that plaintiff alleged

that he was improperly charged a restitution fine.  (Id.)  The response states that plaintiff's grievance no. 13-2544 was cancelled based on time constraints and duplication of grievance no. 13-0404.  (Id.)  The response states that plaintiff reported that he could not elevate grievance no. 13-0404 to the next level of review because he did not receive a copy.  (Id.)  The response states that subsequently, grievance no. 13-0404 was reinstated.  (Id.)  The response states that the second level response to grievance level 13-0404 will only address concerns raised in 13-0404. (Id.)

In the pending motion, plaintiff appears to argue that grievance no. 13-2544 also raised the issue of the allegedly improperly calculation of filing fees.  Thus, plaintiff appears to argue, that grievance no. 13-2544 was improperly denied as duplicative of grievance 13-0404.  Plaintiff does not attach a copy of grievance no. 13-2544 to the pending motion.

A copy of plaintiff's grievance no. 13-2544 is attached as an exhibit to defendants' summary judgment motion.  (ECF No. 53-4 at 29-31.)  In this grievance, plaintiff argued that he was improperly charged a restitution fine.  (Id.)  Plaintiff did not raise any claim regarding the alleged improper calculation of filing fees.  (Id.)  Accordingly, the court finds that plaintiff has not demonstrated that either grievance no. 13-0404 or grievance no. 13-2544 exhausted the claims raised in the instant action.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 68), construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), is denied.

Dated: January 7, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge